1 | Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
2 | Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
3 | **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
4 | Costa Mesa, California 92626
Telephone   714-966-1000
5 | Facsimile   714-966-1002

6 | Attorneys for Chapter 7 Trustee
Thomas H. Casey

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re

12 | NUCOURSE DISTRIBUTION, INC.,

13 |         Debtor.

Case No. 8:14-bk-16767-MW

Chapter 7

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS H. CASEY IN SUPPORT THEREOF**

**DATE:   February 26, 2018
TIME:    2:00 p.m.
PLACE: Courtroom 6C
             411 West Fourth Street
             Santa Ana, California 92701**

*(left margin, vertical)* Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1152837.1

MOTION

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ...................................................................................2

III.  TERMS OF THE PROPOSED SALE .................................................................3

IV.  PROPOSED OVERBID PROCEDURES ............................................................5

    A.  Overbid Procedures ................................................................................5

V.  THE COURT SHOULD APPROVE THE AGREEMENT AS A VALID EXERCISE OF THE TRUSTEE'S BUSINESS JUDGMENT AND BECAUSE THE AGREEMENT IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE ............................................................................6

    A.  The Trustee Should be Authorized to Enter into the Agreement Pursuant to 11 U.S.C. § 363(b) .................................................................6

    B.  The Trustee May Sell the Remnant Assets Free and Clear of Liens, Claims and Interests .......................................................................8

    C.  Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m) .................................................................................9

    D.  The Bankruptcy Court Has the Authority to Implement the Proposed Overbid Procedures ...................................................................10

    E.  Tax Consequences ...................................................................................10

    F.  Waiver of the Stay is Appropriate ............................................................10

VI.  CONCLUSION ...................................................................................................11

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1152837.1

i

1

## TABLE OF AUTHORITIES

2                                                                                            **Page(s)**

3    **Cases**

4    *995 Fifth Ave., Assocs.*,
           96 B.R. 24 (Bankr. S.D.N.Y. 1989)........................................................................7
5

6    *Cello Bag Co. Inc. v. Champion Int'l Corp. (In re Atlanta Packaging Prods.,
           Inc.)*
           99 B.R. 124 (Bankr. N.D. Ga. 1988).......................................................................7
7

8    *Community Thrift & Loan v. Suchy (In re Suchy)*,
           786 F.2d 900, 902 (9th Cir. 1985) ..........................................................................9

9    *Ewell v. Diebert (In re Ewell)*,
           958 F.2d 276, 281 (9th Cir. 1992) ..........................................................................9
10

11   *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*,
           331 B.R. 251 (N.D. Tex. 2005)................................................................................7

12   *In re 240 North Brand Partners, Ltd.*,
           200 B.R. 653 (9th Cir. B.A.P. 1996) .......................................................................6
13

14   *In re Abbotts Dairies of Pennsylvania, Inc.*,
           788 F.2d 143, 147 (3d Cir. 1986) ...........................................................................9

15   *In re American West Airlines*,
           166 B.R. 908 (Bankr. D. Ariz. 1994) ......................................................................6
16

17   *In re Crown Corporation*,
           679 F.2d 774 (9th Cir. 1982) ................................................................................10

18   *In re Ernst Home Center, Inc.*,
           209 B.R. 974 (Bankr. W.D. Wash. 1997) ...............................................................6
19

20   *In re Food Barn Stores, Inc.*,
           107 F.3d 558 (8th Cir. 2010) ..................................................................................7

21   *In re Integrated Resources, Inc.*,
           147 B.R. 650 (Bankr. S.D.N.Y. 1992)......................................................................7
22

23   *In re Lajijani*,
           325 B.R. 282 (B.A.P. 9th Cir. 2005) .......................................................................7

24   *In re Lionel Corp.*,
           722 F.2d 1063 (2d Cir. 1983) .................................................................................6
25

26   *In re Walter*,
           83 B.R. 14 (9th Cir. B.A.P. 1988) ...........................................................................6

27   *In re Wilde Horse Enterprises, Inc.*,
           136 B.R. 830 (Bankr. C.D. Cal. 1991) ....................................................................6

28

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

*In re WPRV-TV, Inc.,*
   143 B.R. 315 (D.P.R. 1991) ................................................................................. 7

**Statutes**

11 U.S.C. § 363(b) ............................................................................................................ 6

11 U.S.C. § 363(b)(1) ...................................................................................................... 10

11 U.S.C. § 363(m) ...................................................................................................... 9, 10

11 U.S.C. § 105(a) .......................................................................................................... 10

11 U.S.C. § 363(f) ........................................................................................................ 8, 9

**Rules**

Federal Rules of Bankruptcy Procedure 6004(g) ........................................................... 11

Federal Rule of Bankruptcy Procedure 6004(h) ...................................................... 10, 11

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

Thomas H. Casey, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of nuCourse Distribution, Inc. (the "Debtor"), hereby submits this *Motion for Order: (1) Approving Asset Purchase Agreement and Authorizing Sale of Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and his declaration (the "Casey Declaration").

**I.    INTRODUCTION**

By this Motion, the Trustee seeks the Court's approval of a sale of the Estate's right, title and interest in the remaining property of the Estate, consisting of known and unknown assets, rights to payment, or claims, which have not previously been sold, assigned or transferred pursuant to 11 U.S.C. §§ 363(b), (f) and (m), as well as Rule 6004 of the Federal Rules of Bankruptcy Procedure, for a purchase price of $6,000, subject to overbid.  As discussed below, the Trustee believes the proposed sale is in the best interest of the Estate and is supported by a valid business purpose.  There are currently no known remaining assets other than accounts receivable, which are specifically excluded from the agreement.  Therefore, in the absence of the current purchase offer, the Estate likely would have derived no economic benefit from any remaining assets that may exist.  The proposed sale will provide the Estate with an immediate cash payment of $6,000 and will allow the Trustee to move towards finalizing his administration of the Estate.  Accordingly, the Trustee respectfully requests that this Court enter an order granting this Motion, approving the purchase agreement and authorizing the sale of the Remnant Assets (defined below).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## II.    **STATEMENT OF FACTS**

On November 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the title 11 of the United States Code ("Bankruptcy Code").  Shortly after the Petition Date, the Trustee was appointed as the chapter 7 trustee.

The Debtor was a wholesale distributor of accessories for wireless products such as headphones and speakers for cell phones, MP3 players, and tablets.  The Debtor's Schedules list funds held in bank accounts, various security deposits, a small amount of equipment, and more than $2.6 million in accounts receivable (the "A/R"), some of which has already been collected by the Trustee.

Pursuant to a Financing Agreement dated September 10, 2012, a revolving note dated as of June 15, 2012, a security agreement, a UCC-1 financing statement recorded on August 27, 2012, a deposit account control agreement, and a notice of foreclosure on receivable and certain other documents, instruments and agreements, U.S. Bank National Association (the "U.S. Bank"), as lender, granted a line of credit facility to Debtor (the "Credit Facility").  The Credit Facility was secured by a perfected first-priority security interest in, among other things, all of the Debtor's existing and future inventory, equipment, contract rights, accounts receivable, cash, chattel paper, notes, drafts, general intangibles, proceeds thereof and other assets (collectively, the "Collateral").

Since being appointed, the Trustee has administered the Estate for the benefit of its creditors in accordance with his power and duties.  The Trustee is now in the process of winding down the administration of the Debtor's bankruptcy case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's assets is realized, which efforts include pursuing the sale of any remaining assets.  The Trustee has determined that there may exist property of the Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").  The Remnant Assets specifically exclude:  (a) cash held by the Trustee or the Debtor on behalf of the Estate at the time of the Agreement in bank accounts earmarked for distribution to creditors and/or

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  payment of professional fees, (b) the A/R, and (c) the Purchase Price.  The Trustee

2  believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that

3  the Estate would possibly receive, especially because the Remnant Assets are the subject

4  of a lien held by U.S. Bank.

5  **III.**      **TERMS OF THE PROPOSED SALE**

6  　　The Trustee seeks to sell the Remnant Assets for the benefit of the Estate, and

7  Oak Point Partners, Inc., an Illinois corporation (the "Buyer", and together with the

8  Trustee, the "Parties"), whose address is 5215 Old Orchard Road, Suite 965, Skokie,

9  Illinois 60077, desires to purchase the Remnant Assets free and clear of all liens, claims

10  or encumbrances, provided, however that the sale of the Remnant Assets shall be subject

11  only to any valid, superior, perfected and enforceable liens of U.S. Bank.

12  　　The Parties have entered into the Asset Purchase Agreement (the "Agreement"),[1] a

13  copy of which is attached as Exhibit "1" to the Casey Declaration.  The salient terms of the

14  Agreement and the proposed sale (the "Sale") are as follows:

15  　　　1.      **Bankruptcy Court Approval**.  The Sale is subject to approval of the Court.

16  　　　　　The order approving the Sale shall become final fifteen days after it is

17  　　　　　entered unless an appeal is timely-filed and a stay pending appeal is

18  　　　　　obtained (the "Final Order").

19  　　　2.      **Purchase Price**.  The Buyer agrees to purchase the Remnant Assets for

20  　　　　　$6,000 (the "Purchase Price") in good funds payable within three (3)

21  　　　　　business days of (a) receipt by the Buyer of the executed Agreement, and

22  　　　　　(b) an order of the Court approving the Agreement becoming a Final Order,

23  　　　　　on which date the Buyer shall own all of the Estate's interest in the Remnant

24  　　　　　Assets and the Trustee shall thereafter execute any and all documents

25  　　　　　needed to properly transfer title.  The Buyer shall prepare any document

26

27  _____

28  　　[1] Any terms not specifically defined herein shall have the meanings ascribed to them in the Agreement.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

which it believes is necessary to transfer the Estate's interest in the Remnant Assets.

3.    **Assignment of the Remnant Assets**.  The Trustee irrevocably and unconditionally sells, assigns, transfers and conveys to the Buyer all of the Estate's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest and costs due under the Remnant Assets.

4.    **Authority to Sell**.  Subject to Court approval, the Trustee's Sale of the Remnant Assets is made pursuant to the authority vested in the Trustee. The Trustee represents and warrants to the Buyer that the Trustee has full lawful right, title, power and authority to enter into the Agreement and to convey the Estate's interest in the Remnant Assets to the Buyer as set forth in the Agreement.

5.    **No Representations or Warranties**.  The Remnant Assets are being sold to the Buyer on an as-is, where-is basis, without representation or warranty or any kind, expressed or implied, by the Trustee.

6.    **Free and Clear Sale**.  The sale of the Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f), provided, however, that the sale of the Remnant Assets shall be subject only to any valid, superior, perfected and enforceable liens of U.S. Bank existing as of the date of the Agreement.

7.    **No Assumption of Liabilities**.  The Parties agree that the Buyer is acquiring only the Remnant Assets and that the Buyer is neither acquiring nor assuming any liabilities of the Trustee or the Estate under the Agreement, except as may otherwise expressly be provided herein.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

8.     **Overbid**.  The Sale of the Estate's interest in the Remnant Assets is subject to overbid.

## IV.    PROPOSED OVERBID PROCEDURES

### A.     Overbid Procedures

The Trustee proposes the following procedure to allow for overbids prior to the Court's approval of the Sale of the Remnant Assets:

1.     Qualifying bidders ("Qualifying Bidder") shall:

   a.     Bid at least $10,000 in cash for the Remnant Assets;

   b.     Set forth in writing the terms and conditions of the offer that are at least as favorable to the Trustee as those set forth herein;

   c.     Be financially qualified, in the Trustee's exercise of his sound business judgment, to close the Sale;

   d.     Submit an offer that does not contain any contingencies to closing the Sale, including, but not limited to, financing contingencies;

   e.     The written offer, a cashier's check in the amount of the initial overbid (the "Overbid Deposit") and evidence of financial qualification must be delivered to the Trustee's counsel: Lobel Weiland Golden Friedman LLP, Attn: Beth E. Gaschen, 650 Town Center Drive, Suite 950, Costa Mesa, California 92626 no later than 5:00 p.m. the day before the hearing on the Motion currently set for February 26, 2018, at 2:00 p.m.

2.     At the hearing on the Motion, only the Buyer and any party who is deemed a Qualifying Bidder shall be entitled to bid.

3.     Any incremental bid in the bidding process shall be at least $500.00 higher than the prior bid.

4.     At the conclusion of the Auction, the highest bid shall be deemed the successful bid (the "Successful Bid") and the entity or individual making the Successful Bid will be the "Successful Bidder" and must pay the Successful

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Bid to the Trustee within three (3) business days after the order approving

2    the Agreement becomes a Final Order.  Upon the conclusion of the Auction,

3    the bidder making the second highest bid may elect to have its bid be a

4    back-up bid (the "Back-Up Bid") and will be the "Back-Up Bidder."  Should

5    the Successful Bidder fail to consummate the Sale, the Trustee may sell the

6    Remnant Assets to the Back-Up Bidder without further Court order.

7  **V.    THE COURT SHOULD APPROVE THE AGREEMENT AS A VALID EXERCISE**

8    **OF THE TRUSTEE'S BUSINESS JUDGMENT AND BECAUSE THE**

9    **AGREEMENT IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE**

10   **A.    The Trustee Should be Authorized to Enter into the Agreement**

11   **Pursuant to 11 U.S.C. § 363(b)**

12   Section 363(b) of the Bankruptcy Code empowers a trustee to "use, sell or

13  lease . . . other than in the ordinary course of business, property of the estate."  In

14  considering a proposed transaction to use, sell, or lease, courts look at whether the

15  transaction is in the best interests of the estate based on the facts and history of the case.

16  *In re American West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel*

17  *Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).  This requires examination of the "business

18  justification" for the proposed transaction.  *In re 240 North Brand Partners, Ltd.*, 200 B.R.

19  653 (9th Cir. B.A.P. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D.

20  Cal. 1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

21        In approving any sale outside the ordinary course of business,
      the court must not only articulate a sufficient business reason
22      for the sale, it must further find it is in the best interest of the
      estate, i.e., it is fair and reasonable, that it has been given
23      adequate marketing, that it has been negotiated and proposed
      in good faith, that the purchaser is proceeding in good faith and
24      that it is an 'arms-length' transaction.

25  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240*

26  *North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. B.A.P. 1996).  A bankruptcy court's

27  power to authorize a sale under § 363(b) is reviewed for abuse of discretion.  *In re Walter*,

28  83 B.R. 14, 19 (9th Cir. B.A.P. 1988).

1152837.1                                    6                                    MOTION

1    The paramount goal in any proposed sale of property of the estate is to maximize

2    the proceeds received by the estate.  *See e.g.*, *In re Food Barn Stores, Inc.*, 107 F.3d

3    558, 564-65 (8th Cir. 2010) (in bankruptcy sales, "a primary objective of the Code [is] to

4    enhance the value of the estate at hand"); *In re Integrated Resources, Inc.*, 147 B.R. 650,

5    659 (Bankr. S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . .

6    . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall

7    benefit possible for the estate.") (quoting *Cello Bag Co. Inc. v. Champion Int'l Corp. (In re*

8    *Atlanta Packaging Prods., Inc.*) 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)); *995 Fifth Ave.,*

9    *Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).  As long as the sale appears to enhance

10    a debtor's estate, court approval of a trustee's decision to sell should only be withheld if

11    the trustee's judgment is clearly erroneous, too speculative, or contrary to the provisions

12    of the Bankruptcy Code.  *In re Lajijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *GBL*

13    *Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re*

14    *WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to

15    administer the estate, including authority to conduct public or private sales of estate

16    property.  Courts have much discretion on whether to approve proposed sales, but the

17    trustee's business judgment is subject to great judicial deference.").

18    Here, the Agreement is fair and reasonable and the proposed transaction has a

19    legitimate business justification and is in the best interests of the Estate and creditors.

20    There are currently no known Remnant Assets, and in the absence of the Buyer's offer,

21    the Estate likely would have derived no economic benefit from the Remnant Assets,

22    certainly nothing of value above and beyond the lien held by U.S. Bank.  Thus, the benefit

23    of receiving any payment for the Remnant Assets, which is largely unknown, outweighs

24    the potential benefit of retaining the Remnant Assets.  The Sale will provide the Estate

25    with an immediate cash payment of at least $6,000, and the Estate will not have to pay

26    any commissions, fees, or other costs of sale.

27    The Trustee believes the Purchase Price is reasonable and represents fair value

28    for the Remnant Assets.  Besides the Buyer, no other potential purchaser has made a

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  viable offer for the Remnant Assets, and it is unlikely that any viable alternative purchaser

2  exists.  Further, because the Sale is subject to overbid, it will ensure that the highest and

3  best value is realized for the Estate.  The fact that the Agreement is subject to overbid

4  ensures that any other interested party will have the opportunity to present a higher and

5  better offer that will only serve to benefit the Estate and creditors.  The Trustee will also

6  publish a notice of sale with the Clerk's Office and notice of the hearing and the

7  opportunity to overbid will be provided to the Office of the United States Trustee, the

8  holders of the liens and counsel, if any, all creditors, and all other parties receiving ECF

9  and special notice in the case.

10     The terms of the Agreement were negotiated and proposed in good faith and at

11  arms-length.  The Trustee has no prior relationship with the Buyer, and each party was

12  represented by independent legal counsel during the negotiation and documentation of

13  the Agreement.  The Agreement is being proposed in good faith and will provide a benefit

14  to creditors.

15     **B.    <u>The Trustee May Sell the Remnant Assets Free and Clear of Liens,</u>**

16     **<u>Claims and Interests</u>**

17     The Trustee seeks this Court's authority to sell the Remnant Assets free and clear

18  of liens pursuant to 11 U.S.C. § 363(f) of the Bankruptcy Code.  Section 363(f) provides

19  that:

20     [t]he trustee may sell property. . . free and clear of any interest
       in such property of an entity other than the estate, only if _. . .
21

22     (1)     applicable nonbankruptcy law permits sale of such
               property free and clear of such interest;. . .

23     (2)     such entity consents;. . .

24     (3)     such interest is a lien and the price at which such property
               is to be sold is greater than the aggregate value of all
25             liens on such property;

26     (4)      such interest is in bona fide dispute; or

27     (5)     such entity could be compelled, in a legal or equitable
               proceeding, to accept a money satisfaction of such
28             interest.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the

2   disjunctive, authority to sell the Remnant Assets free and clear of any and all interests

3   therein should be granted if, with respect to each lien holder, any of the conditions are

4   met.

5    In this case, the Buyer recognizes that the unpaid portion of the U.S Bank's lien will

6   attach to the Remnant Assets in the same value, priority and scope as the lien currently

7   exists against the Remnant Assets.  With this, the Trustee believes that U.S. Bank will

8   consent to the Sale.  Therefore, the Trustee may sell the Remnant Assets free and clear

9   of liens for the benefit of creditors of the Estate holding allowed unsecured claims,

10   including U.S. Bank.  The Trustee is unaware of any other secured parties.

11   **C.**    **Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to**

12        **11 U.S.C. § 363(m)**

13   Section 363(m) of the Bankruptcy Code provides:

14        The reversal or modification on appeal of an authorization under
        subsection (b) or (c) of this section of a sale or lease of property
15        does not affect the validity of a sale or lease under such
        authorization to an entity that purchased or leased such property
16        in good faith, whether or not such entity knew of the pendency of
        the appeal, unless such authorization and such sale or lease were
17        stayed pending appeal.

18   A good faith buyer "is one who buys 'in good faith' and 'for value.'"  *Ewell v. Diebert*

19   *(In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In re Abbotts Dairies of*

20   *Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)).  "[L]ack of good faith is [typically]

21   shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an

22   attempt to take grossly unfair advantage of other bidders.'"  *Id.* (quoting *Community Thrift*

23   *& Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).  In the instant case, the

24   Buyer is buying in good faith and has offered to pay fair value for the Remnant Assets.

25   The anticipated Sale has been negotiated with the Buyer in "arm's-length" discussions.

26   To the Trustee's knowledge, the Buyer is not related in any way to the Trustee or the

27   Trustee's counsel.  *See* Casey Declaration.  Moreover, the Sale will be conducted in a

28   commercially reasonable manner following appropriate notice.  Based on such facts and

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   circumstances, the Trustee believes that this Court can properly determine the Buyer as a

2   "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

3   **D.      The Bankruptcy Court Has the Authority to Implement the**

4          **Proposed Overbid Procedures**

5          Implementation of the bidding procedures is an action outside of the ordinary

6   course of business.  Section 363(b)(1) of the Bankruptcy Code provides that a trustee

7   "after notice and hearing, may use, sell or lease, other than in the ordinary course of

8   business, property of the estate."  Furthermore, under 11 U.S.C. § 105(a), "[t]he court may

9   issue any order, process, or judgment that is necessary or appropriate to carry out the

10  provisions of this title."  Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may

11  authorize the implementation of overbidding procedures.

12         The bankruptcy court may issue orders determining the terms and conditions for

13  overbids with respect to a sale of estate assets, including specifying the minimum

14  consideration required for an overbid, the particular contractual terms required to be

15  offered by over bidders, and requiring and setting the amount of potential over bidder's

16  deposits.  *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982).  The overbid procedures

17  proposed in this Motion will ensure that the Remnant Assets will generate the greatest

18  possible value to the Estate.  They also place appropriate checks upon over bidders to

19  ensure that only Qualified Bids are considered.

20  **E.      Tax Consequences**

21         To the extent there is any tax liability to the Estate from the Sale, the Trustee is

22  authorized to pay such taxes from the Estate's portion of the net proceeds.  *See* Casey

23  Declaration.

24  **F.      Waiver of the Stay is Appropriate**

25         Under Rule 6004(h), an order authorizing the sale of property is stayed for 14 days

26  after the entry of the order, unless the court orders otherwise.  Fed. R. Bankr. P. 6004(h).

27  The Advisory Committee Note states that the court may, in its discretion, order that the

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   stay is inapplicable so that the sale or assumption may take place immediately upon entry

2   of the order.  Fed. R. Bankr. P. 6004(g) Advisory Committee's Note.

3        Here, the waiver of the stay imposed by Rule 6004(h) is appropriate.  Time is of the

4   essence in obtaining approval of the Sale.  The Court's order granting this Motion must

5   become a final order before the Sale can close.  Accordingly, the Trustee requests that

6   the Court waive the stay imposed by Rule 6004(h).

7   **VI.    CONCLUSION**

8        Based on the foregoing, the Trustee respectfully requests that this Court enter an

9   order granting the Motion as follows:

10       1.    Approving the overbid procedures outlined in the Motion;

11       2.    Approving the Agreement which is attached hereto as <u>Exhibit 1</u>, and

12  authorizing the Trustee to sell the Remnant Assets to the Buyer (or any successful

13  overbidder) "as is," "where is," without representation or warranty, free and clear of any

14  and all liens, claims, and interests, except for U.S. Bank, pursuant to 11 U.S.C. §§ 363(b)

15  and (f), and determining that the Buyer is entitled to the protections of § 363(m);

16       3.    Authorizing the Trustee to execute any documents or take any actions

17  reasonably necessary to effectuate the terms of the Sale;

18       4.    Authorizing the return of any Overbid Deposit without further court order to

19  those whose bids are not deemed to be the Successful Bid;

20       5.    Determining that any other Qualified Bidder whose bid is determined to be

21  the highest and best bid for the Remnant Assets is a "good faith purchaser" pursuant to

22  11 U.S.C. § 363(m);

23       6.    Authorizing the Trustee to pay, from the proceeds of the Sale, any tax

24  liability to the Estate that may result from the Sale;

25       7.    Waiving any requirements for lodging periods imposed by Local Bankruptcy

26  Rule 9021-1 and any other applicable bankruptcy rules;

27

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1152837.1

MOTION

8.      Waiving the stay imposed by Federal Rule of Bankruptcy Procedure 6004(h)

and any other applicable bankruptcy rules; and

9.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  January 31, 2018              LOBEL WEILAND GOLDEN FRIEDMAN LLP


By:  */s/ Beth E. Gaschen*
BETH E. GASCHEN
Counsel for Thomas H. Casey,
Chapter 7 Trustee

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1152837.1

MOTION

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare as follows:

1.      I am the duly appointed chapter 7 trustee for the bankruptcy estate of nuCourse Distribution, Inc. (the "Debtor").  I know each of the following facts to be true of my own personal knowledge or on information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order: (1) Approving Asset Purchase Agreement and Authorizing Sale of Property Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; and (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion").  Any and all capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

2.      According to the Court's docket, the Debtor filed a voluntary chapter 7 bankruptcy petition on November 17, 2014.  I was appointed the chapter 7 trustee in the Debtor's case.

3.      I am informed and believe as follows:

a.      The Debtor was a wholesale distributor of accessories for wireless products such as headphones and speakers for cell phones, MP3 players, and tablets.  The Debtor's Schedules list funds held in bank accounts, various security deposits, a small amount of equipment, and the A/R, some of which I have already collected.

b.      Pursuant to a Financing Agreement dated September 10, 2012, a revolving note dated as of June 15, 2012, a security agreement, a UCC-1 financing statement recorded on August 27, 2012, a deposit account control agreement, and a notice of foreclosure on receivable and certain other documents, instruments and agreements, U.S. Bank, as lender, granted a line of credit facility to Debtor (the "Credit Facility").  The Credit Facility was secured by a perfected first-priority security interest in, among other things, the Collateral.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4.    Since my appointment, I have administered the Estate for the benefit of its creditors in accordance with my power and duties.  I am now in the process of winding down the administration of the Debtor's bankruptcy case.  To that end, I am engaged in efforts to ensure that the maximum value of the Estate's assets is realized, which efforts include pursuing the sale of any remaining assets.  I have determined that there may exist property of the Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").  The Remnant Assets specifically exclude:  (a) cash held by me or by the Debtor on behalf of the Estate at the time of the Agreement in bank accounts earmarked for distribution to creditors and/or payment of professional fees, (b) the A/R, and (c) the Purchase Price.  I believe that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive, especially because the Remnant Assets are the subject of a lien held by U.S. Bank.

5.    Therefore, by the Motion, I seek the Court's approval of a sale of the Estate's right, title and interest in the Remnant Assets, for a purchase price of $6,000, subject to overbid.  There are currently no known Remnant Assets, and in the absence of the Buyer's offer, the Estate likely would have derived no economic benefit from the Remnant Assets, certainly nothing of value above and beyond the lien held by U.S. Bank.  Thus, the benefit of receiving any payment for the Remnant Assets, which is largely unknown, outweighs the potential benefit of retaining the Remnant Assets.  The Sale will provide the Estate with an immediate cash payment of at least $6,000, and the Estate will not have to pay any commissions, fees, or other costs of sale.

6.    The Agreement is fair and reasonable, was negotiated through my counsel in good faith and at arms-length, has a legitimate business justification, is in the best interests of the Estate and creditors and will provide a benefit to creditors.  I have no prior relationship with the Buyer, and each party was represented by independent legal counsel during the negotiation and documentation of the Agreement.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1     7.    I believe the Purchase Price is reasonable and represents fair value for the

2 Remnant Assets. Besides the Buyer, I have received no other viable offer for the

3 Remnant Assets, and it is unlikely that any viable alternative purchaser exists. Further,

4 because the Sale is subject to overbid, it will ensure that the highest and best value is

5 realized for the Estate. I will also publish a notice of sale with the Clerk's Office and notice

6 of the hearing and the opportunity to overbid will be provided to the Office of the United

7 States Trustee, the holders of the liens and counsel, if any, all creditors, and all other

8 parties receiving ECF and special notice in the case.

9     8.    The Buyer recognizes that the unpaid portion of U.S Bank's lien will attach to

10 the Remnant Assets in the same value, priority and scope as the lien currently exists

11 against the Remnant Assets. I am unaware of any other secured parties.

12     I declare under penalty of perjury that the foregoing is true and correct.

13     Executed on this 30th day of January, 2018, at Rancho Santa Margarita, California.

15                  Thomas H. Casey

# ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of January __, 2018, is by and between **THOMAS H. CASEY, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the NUCOURSE DISTRIBUTION, INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on November 17, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), assigned Case No. 8:14-bk-16767-MW; and

**WHEREAS**, shortly after the Petition Date, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (b) any accounts receivable due and owing to the Debtor by the Debtor's customers as of the Petition Date for services rendered and/or goods sold by the Debtors, as provided in the Debtor's Schedule of Assets and Liabilities and Statement of Financial Affairs and the Debtor's Claims Register; and (c) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Six Thousand and No/100 Dollars ($6,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.**  Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.**  Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with

1

EXHIBIT 1  PAGE  16

respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f), provided, however, the sale of the Remnant Assets shall be subject only to any valid, superior, perfected and enforceable liens of U.S. Bank National Association existing as of the date of this Agreement.

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of California.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

2

EXHIBIT 1  PAGE  17

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _____

Name:  ERIC LINN

Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**NUCOURSE DISTRIBUTION, INC. BANKRUPTCY ESTATE**

By: _____

Name:  THOMAS H. CASEY

Its: Chapter 7 Trustee

Address:  22342 Avenida Empressa, Suite 200, Rancho Santa Margarita, CA 92688
tel (946) 766-8787

3

EXHIBIT 1  PAGE  18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING SALE OF PROPERT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. SECTION 363(B) AND (F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. SECTION 363(M); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS H. CASEY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.**  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **January 31, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.**  **SERVED BY UNITED STATES MAIL**:
On (*date*) **January 31, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.**  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 31, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Mark Wallace, 411 W. 4th Street, 5th Floor, Santa, Ana, CA  92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2018 | Kelly Adele | *Kelly Adele* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

**VIA U.S. MAIL**

nuCourse Distribution, Inc.
7465 Lampson Ave.
Garden Grove, CA 92841

Oak Point Partners, Inc.
Eric Linn, President
PO Box 1033
Northbrook, IL 60065-1033

Oak Point Partners, Inc.
Eric Linn, President
5215 Old Orchard Road, Suite 965
Skokie, IL 60077

Ryan S. Nadick
Assistant General Counsel
Oak Point Partners, Inc.
5215 Old Orchard Rd, Ste 965

Sharon Kopman
Vice President – Western Region
Oak Point Partners, Inc.
5215 Old Orchard Rd, Ste 965

**VIA CERTIFIED MAIL**

U.S. Bank National Association
Asset Based Finance Division
Attn: Timothy K. Turner
221 S. Figueroa Street, Suite 210
Los Angeles, CA 90012

U.S. Bank National Association
c/o William B. Freeman, Esq.
Katten Muchin Rosenman LLP
515 S. Flower Street, Suite 1000
Los Angeles, CA 90071-2212

U.S. Bank National Association
Corporate Headquarters
Attn:  President
425 Walnut Street
Cincinnati, OH 45202

**Electronic Mail Notice List**

Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
William B Freeman     william.freeman@kattenlaw.com,
nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;lgauthier@lwgfllp.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
David W. Meadows     david@davidwmeadowslaw.com
Jessica Mickelsen Simon    jmsimon@hrhlaw.com
Eric A Mitnick     MitnickLaw@aol.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

Meghan C Sherrill     meghan.sherrill@troutmansanders.com,
samantha.schuster@troutmansanders.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

1/31/2018     Case 8:14-bk-16767-MW     Doc 69   Filed 01/31/18   Entered 01/31/18 15:33:07     Desc
FDIC: BankFind 01/31/18 National Association

Main Document     Page 26 of 27

# U.S. Bank National Association (FDIC # 6548)

**Active** **Insured Since January 1, 1934**

**Data as of:** January 24, 2018

**U.S. Bank National Association** is an active bank

| | |
|---|---|
| **FDIC Certificate#:** | **6548** |
| **Headquarters:** | 425 Walnut Street<br>Cincinnati, OH 45202<br>Hamilton County |
| **Locations:** | **3165** domestic in **28** states,<br>**0** in territories, and **1** in foreign locations |
| **Established:** | July 13, 1863 |
| **Insured:** | January 1, 1934 |
| **Bank Charter Class:** | National Bank |
| **Primary Federal Regulator:** | Office of the Comptroller of the Currency |
| **Secondary Federal Regulator:** | Consumer Financial Protection Bureau |

**Corporate Website:**
http://www.usbank.com

**Consumer Assistance:**
http://www.helpwithmybank.gov

**Contact the FDIC about:**
U.S. Bank National Association

Locations     History     Identifications     Financials     Other Names / Websites

### Showing 1 to 25 of 3,166 entries

| UNINUM | Number | Name | Address | County | City | State | Zip | Service Type | Established Date | Acquired Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 207514 | 795 | Cayman Island Branch (Frgn) | Bank Of Nova Scotia Trust Company | | Georgetown | | | Full Service Brick and Mortar Office | 04/30/1981 | 10/15/1999 |
| 189276 | 873 | Alma Branch | 115 Highway 64 West | Crawford | Alma | AR | 72921 | Full Service Brick and Mortar Office | 10/31/1988 | 03/07/2000 |
| 8498 | 890 | Arkadelphia Main Street Branch | 526 Main Street | Clark | Arkadelphia | AR | 71923 | Full Service Brick and Mortar Office | 08/01/1911 | 03/07/2000 |
| 229699 | 891 | West Pine Branch | 2701 Pine Street | Clark | Arkadelphia | AR | 71923 | Full Service Brick and Mortar Office | 02/21/1974 | 03/07/2000 |
| 180986 | 893 | Bismarck Branch | 6677 Highway 7 | Hot Spring | Bismarck | AR | 71929 | Full Service Brick and Mortar Office | 07/25/1995 | 03/07/2000 |
| 180991 | 896 | Bryant Branch | 100 Commerce St. | Saline | Bryant | AR | 72022 | Full Service Brick and Mortar Office | 07/01/1997 | 03/07/2000 |
| 44058 | 865 | Conway Main Branch | 1122 Van Ronkle Street | Faulkner | Conway | AR | 72032 | Full Service Brick and Mortar Office | 01/01/1960 | 03/07/2000 |
| 283848 | 866 | Conway West Branch | 2620 Prince Street | Faulkner | Conway | AR | 72032 | Full Service Brick and Mortar Office | 01/01/1960 | 03/07/2000 |
| 14637 | 879 | Flippin Branch | Fourth And Main Streets | Marion | Flippin | AR | 72634 | Full Service Brick and Mortar Office | 07/23/1973 | 03/07/2000 |

| UNINUM | Number | Name | Address | County | City | State | Zip | Service Type | Established Date | Acquired Date |
|--------|--------|------|---------|--------|------|-------|-----|-------------|-----------------|---------------|
| 256975 | 869 | Greers Ferry Branch | 8635 Edgemont Road | Cleburne | Greers Ferry | AR | 72067 | Full Service Brick and Mortar Office | 04/16/1984 | 03/07/2000 |
| 16819 | 868 | Heber Springs Branch | 821 West Main Street | Cleburne | Heber Springs | AR | 72543 | Full Service Brick and Mortar Office | 11/12/1982 | 03/07/2000 |
| 14497 | 885 | Hot Springs Central Avenue Branch | 1234 Central Avenue | Garland | Hot Springs | AR | 71901 | Full Service Brick and Mortar Office | 03/12/1973 | 03/07/2000 |
| 180988 | 894 | Highway 70 West Branch | 1768 Airport Road | Garland | Hot Springs | AR | 71913 | Full Service Brick and Mortar Office | 11/06/1995 | 03/07/2000 |
| 251994 | 886 | Albert Pike Branch | 1801 Albert Pike Road | Garland | Hot Springs | AR | 71913 | Full Service Brick and Mortar Office | 06/01/1985 | 03/07/2000 |
| 251995 | 887 | Hot Springs Mall Branch | 4451 Central Avenue | Garland | Hot Springs | AR | 71913 | Full Service Brick and Mortar Office | 03/01/1992 | 03/07/2000 |
| 251996 | 888 | Malvern Avenue Branch | 1875 Malvern Avenue | Garland | Hot Springs | AR | 71901 | Full Service Brick and Mortar Office | 09/28/1992 | 03/07/2000 |
| 180990 | 895 | Highway 7 North Branch | 101 Cooper Circle | Garland | Hot Springs Village | AR | 71909 | Full Service Brick and Mortar Office | 12/29/1997 | 03/07/2000 |
| 233201 | 864 | Jacksonville Branch | 1804 North First Street | Pulaski | Jacksonville | AR | 72076 | Full Service Brick and Mortar Office | 12/05/1994 | 03/07/2000 |
| 233202 | 867 | Park Plaza Branch | 6320 West Markham Street | Pulaski | Little Rock | AR | 72205 | Full Service Brick and Mortar Office | 12/31/1993 | 03/07/2000 |
| 233203 | 898 | Chenal Branch | 17200 Chenal Parkway | Pulaski | Little Rock | AR | 72223 | Full Service Brick and Mortar Office | 04/02/1999 | 03/07/2000 |
| 233192 | 857 | Capitol Branch | 401 West Capitol Avenue | Pulaski | Little Rock | AR | 72201 | Full Service Brick and Mortar Office | 03/18/1988 | 03/07/2000 |
| 233193 | 858 | Rodney Parham Branch | 10720 Rodney Parham Road | Pulaski | Little Rock | AR | 72212 | Full Service Brick and Mortar Office | 03/28/1988 | 03/07/2000 |
| 233195 | 860 | West Markham Branch | 11402 West Markham | Pulaski | Little Rock | AR | 72211 | Full Service Brick and Mortar Office | 07/09/1990 | 03/07/2000 |
| 233196 | 861 | Heights Branch | 5200 Kavanaugh Boulevard | Pulaski | Little Rock | AR | 72207 | Full Service Brick and Mortar Office | 09/10/1990 | 03/07/2000 |
| 233198 | 862 | Geyer Springs Branch | 6004 Baseline Road | Pulaski | Little Rock | AR | 72209 | Full Service Brick and Mortar Office | 01/15/1992 | 03/07/2000 |